

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| POSITIVE BLACK TALK, INC., <br> d/b/a TAKE FO' RECORDS, <br> d/b/a TAKE FO' PUBLISHING | * <br> * <br> * <br> * | CIVIL ACTION: <br> NUMBER: 02-0425 |
| VERSUS | * <br> * | SECTION: SECT T MAG. 5 |
| CASH MONEY RECORDS, INC., <br> UNIVERSAL RECORDS, INC., <br> UNIVERSAL MUSIC & VIDEO DIST., INC., <br> UNIVERSAL MUSIC GROUP, INC., <br> UNIVERSAL STUDIOS, INC., <br> TERIUS GRAY pka "JUVENILE" | * <br> * <br> * <br> * <br> * <br> * <br> * | MAGISTRATE: <br><br><br><br><br> (JURY TRIAL DEMANDED) |
| * * * * * * * * * * * * * | | |

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

The complaint of the Plaintiff alleges as follows:

1.

Plaintiff seeks recovery of monetary damages and injunctive relief arising from certain acts and/or omissions of the Defendants including infringement of Plaintiff's copyrights. Plaintiff also seeks judgment declaring it is the true owner of copyrights relating to certain musical works in which one or more of the Defendants falsely claim to have copyright interest(s).

-1-



## THE PARTIES

2.

Plaintiff, Positive Black Talk, Inc. d/b/a Take Fo' Records and d/b/a Take Fo' Publishing (hereinafter "PBT"), is a Louisiana corporation having its principle place of business in New Orleans, Louisiana.

3.

Upon information and belief, defendant, Cash Money Records, Inc. is a Louisiana corporation with its principle place of business in St. Rose, Louisiana.

4.

Upon information and belief, defendant, Universal Records Inc., is a California corporation with its principle place of business in New York, New York. Universal Records, Inc. sells, markets, advertises, reproduces and/or distributes phonorecords in the State of Louisiana.

5.

Upon information and belief, defendant, Universal Music & Video Distribution, Inc. is a Delaware corporation with its principle place of business in New York, New York. Universal Music & Video Distribution, Inc. sells, markets, advertises, reproduces and/or distributes phonorecords in the State of Louisiana.

6.

Upon information and belief, defendant, Universal Music Group, Inc. is a California corporation with its principle place of business in Universal City, California. Universal Music Group, Inc. sells, markets, advertises, reproduces and/or distributes phonorecords in the State of Louisiana.

7.

Upon information and belief, defendant, Universal Studios, Inc. is a California corporation with its principle place of business in Universal City, California. Universal Studios, Inc. sells, markets, advertises, reproduces and/or distributes phonorecords in the State of Louisiana.

8.

Upon information and belief, defendant, Terius Gray pka "Juvenile" is a natural person of the full age of majority who is domiciled in the State of Louisiana.

## JURISDICTION AND VENUE

9.

This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and under:

a) 28 U.S.C. § 1338(a), as this matter involves an action arising under Acts of Congress relating to copyrights, specifically 17 U.S.C. § 101 *et seq.*, and trademarks, specifically 15 U.S.C. § 1125; and

b) 28 U.S.C. § 1338(b), as this matter involves an action asserting a claim of unfair competition which is joined with a substantial and related claim under copyright and trademark law.

10.

Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

11.

PBT is a New Orleans recording company that features a very popular local New Orleans

artist, Jerome Temple pka "D.J. Jubilee" (hereinafter "Jubilee").

12.

Both PBT and Jubilee are nationally known for being pioneers in a form of music called "Bounce." Attached hereto as Exhibit "A" are articles from the New York Times, Vibe Magazine, the Times Picayune, and Offbeat Magazine attesting to this recognition.

13.

In March of 1998, PBT released a phonorecord entitled "Take It To The St. Thomas", which included a musical work entitled "Back That Ass Up" along with its more radio friendly version "Back That Thang Up" (hereinafter referred to as the "Song"). Attached hereto as Exhibit "B" is official registration and national sales report issued by Soundscan, Inc. confirming publication of the Song.

14.

The Song was registered with Broadcast Music, Inc. (hereinafter "BMI"), with the Song being cleared by BMI in November of 1998. Attached hereto as Exhibit "C" is BMI registration and clearance.

15.

PBT registered the Song with the U.S. Copyright Office and owns all rights, title and interest in and to the copyrights in the Song. The copyrights in the Song are currently valid and subsisting. Attached hereto as Exhibit "D" is Copyright registration application.

16.

The Song was a regional hit, receiving considerable air play on local radio stations, and upon

information and belief, the phonorecord sold more than 35,000 copies.

17.

Defendant, Cash Money, Inc. is also a local Louisiana recording company that features another popular local bounce artist, Terius Gray pka "Juvenile."

18.

Upon information and belief, defendant, Cash Money Records, Inc. is owned by Universal Records, Inc., which is owned by Universal Music Group, Inc., which is owned by Universal Studios, Inc.

19.

Upon information and belief, on or about December, 1998, Defendants released, published, advertised and distributed a version of the Song by Defendants' artist Juvenile, similarly entitled "Back That Azz Up" with its more radio friendly version entitled "Back That Thang Up."

20.

Upon information and belief, defendants have not registered this release with BMI, and have not filed a copyright registration form with the United States Copyright Office.

21.

Defendants' subsequent release is substantially similar to the Song first released by PBT and copyrighted by it.

22.

PBT and its recording artist Jubilee are nationally recognized as the authors and creators of the Song. *See* Exhibit "A".

23.

Defendants' subsequent release is nationally recognized as a version of PBT's Song. *See* Exhibit "A".

24.

Defendants had frequent access to PBT's Song and its artist, Jubilee, as the key parties are from Louisiana, and said parties were involved in a form of music, bounce, which is unique to Louisiana.

25.

Defendants' release has been advertised, distributed, offered for sale and/or sold throughout much of the United States, including this judicial district.

26.

Defendants have never obtained a license or other authority from PBT to reproduce, distribute or sell PBT's musical works, despite having actual or constructive notice of PBT's copyright claims. Defendants continue to reproduce, distribute and/or sell PBT's musical works without a license or other authority from PBT.

27.

Defendants' actions as aforesaid have caused PBT to suffer significant monetary damages, including loss of profits, loss of royalties, loss of business opportunities, loss of business goodwill and damage to personal and business reputation. PBT will continue to suffer further and sustain irreparable damage unless Defendants are restrained by this Court.

## COUNT I - COPYRIGHT INFRINGEMENT

28.

PBT adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through 27 inclusive.

29.

The above described actions of Defendants constitute copyright infringement in violation of 17 U.S.C. § 101 *et seq.*, for which Defendants are liable to PBT *in solido*.

30.

As a consequence of said acts of the Defendants in violation of copyright law, PBT is entitled to the following remedies:

    a)    Injunctive relief against the Defendants pursuant to 17 U.S.C. § 502, including without limitation an injunction prohibiting Defendants from paying any royalties to co-defendant, Juvenile, generated from the reproduction, distribution or sale of PBT's Song and ordering Defendants to pay such royalties to PBT;

    b)    Impoundment and return of all infringing articles in the possession or under the control of the Defendants, pursuant to 17 U.S.C. § 503;

    c)    Recovery of monetary damages against the Defendants, *in solido*, consisting either of PBT's actual damages plus additional profits of the Defendants, or statutory damages for each copyright willfully infringed by the Defendants, pursuant to 17 U.S.C. § 504; and

    d)    Recovery of Plaintiff's costs and attorney's fees pursuant to 17 U.S.C. § 505.

## COUNT II - FALSE AND MISLEADING DESIGNATIONS AND REPRESENTATIONS OF ORIGIN

31.

PBT adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through 30, inclusive.

32.

The above described acts of the Defendants constitute false and misleading designations and representations of the origin, authorship and copyright ownership of PBT's Song, in violation of 15 U.S.C. § 1125.

33.

As a consequence of Defendants' act in violation of said law, PBT is entitled to the following remedies:

a) Injunctive relief against the Defendants pursuant to 15 U.S.C. § 1116, including without limitation an injunction prohibiting Defendants from claiming authorship or copyright ownership in and to PBT's Song.

b) Recovery of monetary damages against the Defendants, *in solido*, including recovery of Defendants' profits, damages sustained by PBT and the costs of this action; and

c) An award of treble damages and recovery of reasonable attorney's fees, all pursuant to 15 U.S.C. § 1117.

## COUNT III - UNFAIR COMPETITION AND DECEPTIVE ACTS UNDER STATE LAW

34.

PBT adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through 33, inclusive.

35.

The above described acts of the Defendants constitute unfair methods of competition and deceptive trade practices, in violation of La. R.S. 51:1401 *et seq.*

36.

PBT and Defendants are each in the music and recording industry and, in addition, are competitors in such national industry.

37.

PBT and Defendants are each in the music and recording industry, are both involved in the unique local music style of bounce music, and are competitors in such local industry.

38.

Defendants, by their unauthorized appropriation and use of PBT's Song and their false and misleading designations and representations of the origin, authorship and copyright ownership have engaged, and are engaging, in acts of wrongful deception of the purchasing public, wrongful deprivation of PBT's good name and reputation, and the wrongful deprivation of PBT's right to public recognition and credit as author and owner of copyrighted musical works.

39.

PBT's actions concerning Defendants' unfair competition is related to PBT's substantial copyright infringement actions since both actions are based on the same operative facts.

40.

The Defendants have continuously been performing, recording, publishing, selling and marketing the Song, and as a result of that conduct, have engaged in unfair trade practices and unfair competition against PBT, and have caused irreparable damage to PBT.

41.

As a consequence of Defendants' unfair trade practices and unfair competition, PBT is entitled to recovery of monetary damages against the Defendants, *in solido*, in an amount necessary to fully compensate PBT for the acts of the Defendants, plus interest, costs and attorneys' fees pursuant to La. R.S. 51:1409.

### COUNT IV - DECLARATORY JUDGMENT

42.

PBT adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through 41.

43.

In view of the acts of the Defendants, PBT is entitled to a declaratory judgment that the Defendants' alleged copyright interests in the Song are void, cancelled and/or unenforceable. Moreover, PBT is entitled to a declaratory judgment that Defendants have no authorship in or to PBT's Song and that PBT be declared the true owner and copyright holder of the Song.

### JURY DEMAND

44.

PBT requests a trial by jury of all issues so triable herein.

## PRAYER FOR RELIEF

45.

WHEREFORE, Plaintiff, Positive Black Talk, Inc. d/b/a Take Fo' Records also d/b/a Take Fo' Publishing, prays for judgment in its favor and against the Defendants as follows:

1) An award of monetary damages as a result of Defendants' acts of copyright infringement, false and misleading designations and representations, and unfair trade competition and deceptive acts, said damages to be assessed against all of said Defendants *in solido*.

2) An award of trebled monetary damages and recovery of PBT's costs and attorneys' fees associated with this action, to be assessed against all of the Defendants *in solido*.

3) That any and all of Defendants' alleged copyright interests be adjudged and declared void, cancelled and/or unenforceable; that Defendants' be adjudged and declared to have no authorship or copyright ownership in or to PBT's Song; and that PBT be declared the true owner and copyright holder of said Song.

4) Injunctive relief against the Defendants', ordering the Defendants to turn over to PBT all infringing phonorecords and the revenues derived therefrom; prohibiting Defendants from paying to co-defendant, Juvenile, any royalties generated from the reproduction, distribution or sale of PBT's song and ordering Defendants to pay such royalties to PBT; ordering Defendants to correct the jacket of its phonorecord to reflect PBT's authorship and copyright ownership; and further ordering the Defendants to perform and/or not to perform such acts as may be deemed fit and proper.

5) Any and all further relief as may be deemed fit and proper.

            Respectfully submitted

            MONTGOMERY, BARNETT, BROWN, READ,
            HAMMOND & MINTZ, L.L.P.

BY:      *[signature]*
            G. Dall Kammer (La. Bar No. 26948)
            3200 Energy Centre
            1100 Poydras Street
            New Orleans, LA 70163-3200
            Telephone: 504-585-3200

            Attorney for Plaintiff, Positive Black Talk, Inc. d/b/a Take Fo' Records d/b/a Take Fo' Publishing

PLEASE ISSUE A CERTIFIED COPY OF THIS COMPLAINT TOGETHER WITH A SUMMONS FOR LONG-ARM SERVICE ON:

Universal Records, Inc.
through its registered agent:
CT Corporation System
1633 Broadway
New York, New York 10019

Universal Music & Video Dist., Inc.
through its registered agent:
CT Corporation System
111 Eight Ave.
New York, New York 10011

Universal Music Group, Inc.
through its registered agent:
CT Corporation System
111 Eight Ave.
New York, New York 10011

Universal Studios, Inc.
through its registered agent:
CT Corporation System
111 Eighth Ave.
New York, New York 10011

PLEASE ISSUE SUMMONS FOR SERVICE ON:

Cash Money Records, Inc.
through its registered agent:
Ronald Williams
100 James Drive, #130
St. Rose, Louisiana 70087

Terius Gray pka "Juvenile"

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**